IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

|  |  |  |
|---|---|---|
| METROPOLITAN DEVELOPMENT GROUP AT COOL SPRING, LLC, a Virginia limited liability company, | * | |
| | * | |
| Plaintiff, | * | |
| | * | Case No.: GJH-20-3237 |
| v. | * | |
| COOL SPRING ROAD, LLC, *et al.*, | * | |
| Defendants. | * | |

**MEMORANDUM OPINION**

Plaintiff Metropolitan Development Group at Cool Spring, LLC ("Metropolitan" or "Plaintiff") brought this civil action against Cool Spring Road, LLC, LL College Park LLC, Charles Boswell, Rebecca Swanston, and Libby Adelphia Road LLC, (collectively, "Defendants") for breach of contract. Pending before the Court are Defendants' Motion for Attorney Fees and Costs, ECF No. 35, and Plaintiff's Motion to Stay, ECF No. 37. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendants' Motion is denied without prejudice, and Plaintiff's Motion is denied.

**I.    BACKGROUND**

The full background of this case can be found in the Court's Memorandum Opinion, ECF No. 31. There, the Court granted summary judgment in favor of Defendants. ECF No. 32. The Court also permitted Defendants to file for their reasonable attorney's fees. *Id.*

II. DISCUSSION

In their Motion for Attorney Fees and Costs, Defendants seek $79,940.00 in fees and $534.02 in costs for a total of $80,474.02. ECF No. 35 at 2.[1] Plaintiff first contends that a decision on the motion for attorney fees and costs should be stayed pending appeal, and second, that the fees are not reasonable as they entail vague and duplicative entries. *See* ECF No. 39.

A "[party] is entitled to an award of attorney's fees as a prevailing party." *Wootten v. Va.*, 2017 WL 1208023, at *1 (W.D. Va. Mar. 1, 2017) (Mag. J.), *adopted*, 2017 WL 1208676, at *3 (Mar. 31, 2017) (citing Fed. R. Civ. P. 54(d)(2); 42 U.S.C. § 1988). "The district court retains jurisdiction to consider the fee petition while the case is on appeal because the fee issue is a discretionary decision that is separate from the underlying judgment." *Id.* (citing 28 U.S.C. § 1291). While these motions may be promptly considered, "adjudicating an attorneys' fee motion while an appeal is pending is not required." *Id.* "The court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under Rule 54 (d)(2)(B) a new period for filing after the appeal has been resolved." *Id.* (citing Fed. R. Civ. P. 54) (internal quotations and brackets omitted).

The Court will deny without prejudice Defendants Motion for Attorney Fees and Costs with permission to refile after the Fourth Circuit reaches its decision as allowed under Rule 54 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 54 (permitting timing of motion for attorney's fees to be adjusted by Court order); *see also Wootten,* 2017 WL 1208023, at *1. ("An award of attorneys' fees and costs at this stage is premature. Victory on appeal by Plaintiff likely would entitle her to additional fees for time spent on the appeal . . . [j]udicial economy is not best served by awarding fees now and potentially revisiting that issue after the Fourth Circuit reaches

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

its decision."). *See also Shepherd v. Cmty. First Bank*, 2019 WL 2590729, at *1 (D.S.C. June 24, 2019) ("[i]n light of the pending appeal, the Court exercises its discretion and defers ruling on the pending Motion for Attorneys' Fees and Costs until resolution of the underlying appeal.").

### III.   CONCLUSION

For the foregoing reasons, Defendants Motion is denied without prejudice and Plaintiff's Motion is denied. A separate Order follows.


Date: <u>January 30, 2023</u>                              ____/s/_____
                                                          GEORGE J. HAZEL
                                                          United States District Judge