IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| METROPOLITAN DEV. GRP., | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 8:20-cv-03237-PX |
| | * | |
| COOL SPRING ROAD, LLC, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending in this contract action is Cool Spring Road, LLC, LL College Park, LLC, Charles B. Boswell, Rebecca B. Swanston, and Libby Adelphia Road, LLC's (collectively "Defendants") motion for attorneys' fees and costs. ECF No. 48. The issues are fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. For the following reasons, the motion is GRANTED.

**I.    Background**

On November 6, 2020, Plaintiff Metropolitan Development Group at Cool Spring, LLC ("Metropolitan") sued Defendants for breach of contract, specific performance, and preliminary and permanent injunctive relief arising from an agreement to develop property located in Hyattsville, Maryland (hereafter the "Agreement"). ECF No. 1 ¶¶ 51–82. Defendants answered the Complaint and counterclaimed against Metropolitan. ECF No. 15 at 16–23. The parties next cross-moved for summary judgment on the claims, and Defendants separately moved for summary judgment as to their counterclaim. ECF Nos. 24, 26 & 27.

On March 30, 2022, the Honorable George J. Hazel denied Metropolitan's motion for summary judgment, and granted Defendants' motions for summary judgment in their favor on the claims and counterclaim. ECF Nos. 31 & 32. Metropolitan timely appealed Judge Hazel's

decision.  ECF No. 33.

As the prevailing party, Defendants also moved for attorneys' fees and costs pursuant to Article 10.9 of the Agreement.  ECF No. 35.  But because the appeal was pending, and further litigation would necessarily affect the scope of the award, Judge Hazel denied the motion without prejudice.  ECF Nos. 42 & 43.

On October 10, 2023, the Fourth Circuit held oral argument on the appeal, and on December 15, 2023, the Court affirmed the decision below.  ECF No. 44.  Metropolitan also petitioned for *en banc* review which was denied on January 16, 2024.  ECF No. 46.  Defendants next renewed their attorneys' fees motion, requesting $150,894.00 in fees and $1,121.65 in costs for all work performed in the matter to date.  ECF No. 48.

Metropolitan does not dispute that Defendants are entitled to reasonable attorneys' fees and costs per the terms of the Agreement; nor does it dispute the hourly rates or the costs associated with the case.  *See* ECF No. 39.  Rather, Metropolitan singularly argues that Defendants' time spent litigating the case was unreasonable and should not be fully compensated.  *See id.*  As explained below, the Court will grant the motion with modest downward adjustments.

## II.     Analysis

To assess the reasonableness of the attorneys' fee request, the Court uses the lodestar method, multiplying the number of hours reasonably expended by a reasonable hourly rate.  *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (describing "a strong presumption that the lodestar represents the reasonable fee" (internal quotations and citations omitted)); *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994).  The Court considers several non-

exhaustive factors when assessing the reasonableness of a requested fee award, to include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) the attorneys' fees awards in similar cases.

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243–44 (4th Cir. 2009); *see also Rum Creek Coal Sales*, 31 F.3d at 175 (citation omitted). Overall, the Court must ensure that the final award is commensurate with the "degree of success enjoyed." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013) (explaining courts must "subtract fees for hours spent on unsuccessful claims [that are] unrelated to successful ones." (citation omitted)).

Metropolitan contends that because Defendants' billing records are at times vague and nonspecific in the description of work performed, the Court should discount the requested fee by one-third. ECF No. 39 at 6. Metropolitan is correct that the movant must "keep records in sufficient detail that a neutral judge can make a fair evaluation of the time expended, the nature and the need for the service, and the reasonable fees to be allowed." *Two Men & A Truck/Int'l, Inc. v. A Mover Inc.*, 128 F. Supp. 3d 919, 925 (E.D. Va. 2015) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 441 (1983) (Burger, C.J., concurring)). Where the records do not clearly delineate the reasons for the attorney hours expended, the Court may reduce the award by a stated percentage to address "excessive vagueness" in the claimed tasks, double billing, and an "excessive number of hours sought." *Thompson v. U.S. Dep't of Hous. & Urb. Dev.*, No. MGJ-95-309, 2002 WL 31777631, at *13 (D. Md. Nov. 21, 2002) (collecting cases); *see also Hensley*,

461 U.S. at 433–34.

Defendants seek reimbursement for approximately 604 attorney hours in litigating the case before this Court and the Fourth Circuit. ECF No. 48-1 at 5–6. After careful review of the billing records, the Court concludes that overall, the hours sought are reasonable and well-supported. This case spanned over two years and involved a counterclaim, cross-motions for summary judgment, and an appeal to the Fourth Circuit with detailed briefing and oral argument. *See* ECF Nos. 24, 26, 27 & 33. Although Defendants retained three attorneys, no more than one partner and one associate appears to have worked on the case at any given time. *See* ECF Nos. 48-3 & 48-4. Moreover, counsel appropriately spent the lion's share of billable hours on motions practice at the summary judgment stage and then to defend its victory before the Fourth Circuit. *See* ECF Nos. 48-2 & 48-3.

Moreover, to the extent that the partner on the matter, David Allen, block billed certain tasks, making it difficult at times to discern exactly how much time he spent on any given task, this alone does not undermine the reasonableness of the award. *See* ECF No. 48-3. The incidents of block billing appear to be more the exception than the rule. *See id.* Defendants also have discounted their hourly rates—which were presumptively reasonable at the *non-discounted rates*—such that in advance of this motion, Defendants had reduced the requested fee award by roughly $33,000. *See* ECF No. 48-1 at 6–7. Counsel also did not seek reimbursement for all invoiced work. *See* ECF No. 48-3. Thus, when considering the complexity of the issues, the nature of the litigation, the relative success of the prevailing attorneys, and the self-imposed discount of the overall fee, the Court finds the requested fee award to be reasonable.[1]

Two minor course corrections bear discussion. Per the Court's Local Rules, "[g]enerally,

---

[1] Contrary to Metropolitan's position, this matter bears little resemblance to this Court's prior decisions to reduce attorney-fee awards. *See* ECF No. 39. In *Skapinetz v. CoesterVMS.Com, Inc.*, No. 17-1098-PX, 2021 WL

4

only one lawyer is to be compensated for client, third party, and intraoffice conferences, although if only one lawyer is being compensated the time may be charged at the rate of the more senior lawyer." Loc. R. App. B.2.d. The fee request includes two occasions where a partner and an associate both charged their time for attending the same meeting or conference. *See* ECF No. 48-3 at 3, 34. The Court will reduce the attorneys' fees amount by $675.91 to account for the associate's time. *See* ECF No. 48-3 at 3, 34 (associate billed 2.1 hours for the meeting and 1.7 hours for the conference at a rate of $177.87/hour). Additionally, the Court identified a minor math error that when corrected, reduces the overall award by $45. *See* ECF No. 48-1 at 6 (attorney billed 31.4 hours at $350 per hour, totaling $11,035 instead of $10,990). With those adjustments, Defendants shall be awarded $150,173.09 in attorneys' fees and $1,121.65 in costs for a total of $151,294.74.[2]

### III. Conclusion

For the foregoing reasons, the Court GRANTS Defendants' motion for attorneys' fees and costs. A separate Order follows.

September 4, 2024  
Date

/s/  
Paula Xinis  
United States District Judge

---

1634712 (D. Md. Apr. 27, 2021), five lawyers and one paralegal billed nearly $300,000 in fees and costs for a matter that culminated in a one-day bench trial. *See Skapinetz*, 2021 WL 1634712, at *7. The Court concluded the time spent preparing and deposing witnesses and for trial grossly exceeded the needs of the case. *See id.* at *9. Likewise, in *Bocangel v. Warm Heart Family Assistance Living, Inc.*, 561 F. Supp. 3d 534 (D. Md. 2021), the Court found that the time billed was "disproportionate to the needs of the matter," and that counsel had improperly sought reimbursement for litigating claims for which they did not prevail. *Bocangel*, 561 F. Supp. 3d at 539–40.

[2] The final attorneys' fees calculation is as follows:

| Attorney | Hours | Rate ($) | Requested Total ($) | Final Total ($) |
|---|---|---|---|---|
| Steven Allen | 259.3 | $324.39 (approx.) | $84,113.50 | $84,113.50 |
| Valerie Taylor | 309.6 | $177.87 (approx.) | $55,745.50 | $55,069.59 |
| Aiden Smith | 31.4 | $350 | $11,035 | $10,990 |
| **TOTAL** | 604.1 | N/A | **$150,894.00** | **$150,173.09** |